**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.**

TIFFANY SAPP,

Plaintiff,

v.

NAPHCARE LLC,

a Foreign Limited Liability Company,

Defendant.
___________________________/

# COMPLAINT

Plaintiff TIFFANY SAPP ("Plaintiff") files this Complaint against Defendant NAPHCARE LLC ("Naphcare"), and states:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, other compensatory and punitive damages, and attorney's fees and costs.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for unpaid overtime and retaliation.

3. Plaintiff also brings a Florida common law claim for breach of oral contract for unpaid wages and attorney's fees pursuant to Florida Statute § 448.08.

4. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violations of 29 U.S.C. §201, et seq.

5. This Court has supplemental jurisdiction over Plaintiff's Florida common law and statutory claims pursuant to 28 U.S. Code § 1367.

6. Plaintiff is a resident of Hillsborough County, Florida.

7. Defendant Naphcare has a principal address of 2090 Columbiana Road, Ste 4000, Birmingham, Alabama 35216.

8. Plaintiff worked for Defendant at the Manatee County Jail, located at 14770 Harlee Road, Palmetto, Florida 34221.

9. This cause of action arose in Manatee County, Florida, in that the majority of the Plaintiff's employment was spent in Manatee County and that was her primary place of employment.

10. Manatee County, Florida is the proper venue for this action because Plaintiff was employed by and had dealings with Defendant in Manatee County, Florida.

11. Defendant failed to pay Plaintiff the mandatory overtime wages as required under federal law.

12. Defendant's annual gross sales volume exceeds $500,000.00 per annum.

13. Defendant at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the FLSA.

14. Plaintiff's job responsibilities were such that she herself was an individual engaged in interstate commerce.

## COMMON ALLEGATIONS

15. Plaintiff began her employment on or around September 16, 2024, up to and including her termination on July 31, 2026.

16. Plaintiff held the position of Director of Nursing.

17. In June 2025, Plaintiff was informed by an individual within Defendant's Human Resources department that she had been incorrectly coded as "salaried" in the employer's computer system, but should have been coded as "hourly," and would thereafter be paid as an hourly employee.

18. Plaintiff consistently worked more than forty (40) hours each week, including on call shifts.

19. Throughout her employment, Plaintiff worked "off-the-clock" doing on-call work.

20. On more than one occasion, Plaintiff asked whether she should be paid for the on call work she was performing outside of the facility; she asked this of her supervisor, Nakia Gaddies, her supervisor's supervisor, Terrence Meneely (Director of Operations), and Tasha Blackmon (Human Resources Manager).

21. Each time she was asked, Ms. Gaddies told Plaintiff that she would not be paid for on call work; Mr. Meenley told Plaintiff that '[Ms. Gaddies] *should be* making up for some of the overtime [Plaintiff] was working by comping her hours and allowing her to go home and still be paid,' although this never occurred.

22. Plaintiff's on call work was open, apparent, and done with the full knowledge of Defendant's management who directly supervised Plaintiff.

23. Defendant failed to pay Plaintiff her agreed upon hourly rate for all of her on-call work, including an overtime premium for each hour she worked over forty as a result of this "off-the-clock" work.

24. Plaintiff is unable to access certain records in the custody of the Defendant, but estimates in good faith that she is owed: 82.53 hours of unpaid wages at her regular rate of $52.00 per hour (through August 9, 2025) and $54.08 per hour (after August 9, 2025), for a total of $4,321.79; 363.45 hours at her overtime rate of $78.00 per hour (through August 9, 2025)

and $81.12 per hour (after August 9, 2025), for a total of $28,697.57; and 15.08 hours at a holiday premium rate of $78.00 per hour (through August 9, 2025) and $81.12 per hour (after August 9, 2025), for a total of $1,189.19. A true and correct copy of Plaintiff's estimated damages is attached hereto as Exhibit 1.

25. Plaintiff gave notice of her resignation on June 30, 2026, stating that her final day of employment would be July 31, 2026, fulfilling her 30-day notice obligation.

26. Approximately three weeks into her notice period, on Wednesday, July 24, 2026, Plaintiff raised concerns to the Defendant's Corporate Human Resources about her unpaid wages and overtime compensation. See a true and correct copy of email correspondence from tiffany.sapp@naphcare.com to payroll.hotline@naphcare.com, corporatehr@naphcare.com, masonda.wheatley@naphcare.com, and danielleswain@naphcare.com dated July 24, 2026, attached hereto as Exhibit 2.

27. The following Monday, on July 27, 2026, she was terminated, and not permitted to finish working through the end of her notice period.

28. Rather than allowing Plaintiff to say goodbye to her coworkers, as was the Defendant's custom with other employees who had resigned, Defendant had security officers escort Plaintiff out as if she had been terminated.

29. Plaintiff was not allowed to speak to anyone and felt humiliated.

30. After submitting her resignation, Plaintiff had been approved to take Paid Time Off (PTO) during the week of July 27-July 31, 2026; however, Ms. Gaddies later rescinded the approval, stating that she, 'was not going to let [Plaintiff] be off that week because [Gaddies] felt it would be unfair to [Plaintiff's] employees and that they would want the opportunity to say goodbye to her.'

31. Plaintiff's termination comes without notice or cause, the next business day after she asserted her legal rights by seeking to collect unpaid wages.

32. Plaintiff seeks lost wages and liquidated, compensatory, and/or punitive damages, as well as attorney's fees and costs.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

33. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint as if set forth fully herein.

34. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

35. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

36. Plaintiff worked in excess of forty (40) hours per week without being compensated for all overtime benefits by the Defendant.

37. Defendant failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

38. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207. Plaintiff is aware of hours for which she was not compensated in the preceding three years.

39. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the preceding three years and liquidated damages.

40. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to

represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

41. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

42. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

**COUNT II**
**BREACH OF CONTRACT**
**AGREED UPON WAGES**

43. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint as if set forth fully herein.

44. Plaintiff and Defendant formed an enforceable oral contract under which Plaintiff agreed to perform work for Defendant and Defendant agreed to compensate Plaintiff at the agreed rate of Fifty-two dollars ($52.00) per hour and, from August 10, 2025 onward, Fifty-four dollars and 08/100 ($54.08) per hour.

45. The oral agreement included sufficiently definite terms concerning Plaintiff's work, the agreed rate of pay, and Defendant's obligation to pay Plaintiff for work performed.

46. Plaintiff provided consideration for Defendant's promise to pay by performing work for Defendant.

47. Plaintiff performed all material obligations required under the oral agreement by performing the work described above.

48. All conditions necessary for Defendant's obligation to pay Plaintiff under the oral agreement occurred.

49. Defendant materially breached the oral agreement by failing to pay Plaintiff the agreed rate for work Plaintiff performed.

50. As a direct and proximate result of Defendant's breach, Plaintiff has sustained damages in an amount of at least $ $34,208.55 plus prejudgment interest and costs.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant, and award: Compensatory damages for unpaid wages in an amount to be proven at trial, but not less than $33,856.90, prejudgment interest as allowed by law, attorney's fees, taxable costs, and prejudgment interest, and all other relief the Court deems just and proper.

## COUNT III
## RETALIATION
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

51. Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 of this Complaint as if set forth fully herein.

52. Plaintiff engaged in protected activity through her opposition to Defendant's failure to pay her for all on-call and overtime hours worked.

53. Defendant took an adverse employment action in terminating Plaintiff's employment before her notice period ended.

54. Defendant took the adverse employment action because of Plaintiff's protected activity.

55. The adverse employment action caused Plaintiff damages in the form of her lost wages and benefits, as well as humiliation and other emotional distress.

56. As a result of Defendant's conduct, Plaintiff is entitled to lost wages, liquidated damages and/or compensatory and/or punitive damages, and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages and/or punitive damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 14th day of October, 2026.

SCOTT LAW TEAM, LLC
Jupiter Gardens
250 South Central Boulevard
Suite 205
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Anne Tomasello
Cathleen Scott, Esq.
Florida Bar Number 877751
Primary e-mail: ATomasello@scottlawteam.com
Secondary e-mail: mail@scottlawteam.com
www.ScottLawTeam.com
*Lead Counsel for Plaintiff*